UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY L LOWRY JR, | CASE NO. 3:15-CV-05646-BHS-JRC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | NOTED FOR: DECEMBER 11, 2015 |
| WASHINGTON STATE DEPT OF CORRECTIONS, JOHN DOE, | |
| Defendants. | |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

This matter comes before the Court on plaintiff's motion for leave to proceed *in forma pauperis* (IFP). Dkts. 1, 5. It has been more than sixty days since the Court's mailings to plaintiff were returned and the Court does not have a current address for plaintiff. Therefore, the undersigned recommends that the Court dismiss this action as plaintiff appears to have abandoned his case.

REPORT AND RECOMMENDATION - 1

DISCUSSION

Plaintiff's filed his IFP motion and a copy of his prison trust account statement on September 8, 2015, while he was incarcerated at the Stafford Creek Corrections Center. Dkts. 1, 2. On September 9, 2015, the Clerk sent a letter to plaintiff advising him that he had failed to provide the appropriate IFP form. Dkt. 4. On September 16, 2015, plaintiff provided the proper IFP form. Dkt. 5. On the same day, the Clerk entered a notice that plaintiff had corrected the IFP deficiency and a notice regarding non-compliance with the E-filing Pilot Project. *See* Dkt. 5 and Dkt. entry on September 16, 2015. Both notices were returned with a handwritten notation indicating that plaintiff was released from custody on September 16, 2015. *See* Dkt. 6. Plaintiff has not advised the Court of his current address. On September 23, 2015, the Court entered an order to show cause, ordering plaintiff to inform the Court by October 23, 2015 of his current address and state whether he wishes to continue the action. Dkt. 7. Plaintiff was advised that if he failed to notify the court of his current address, the Court would recommend dismissal of this action without prejudice for failure to prosecute under Local Rule 41(b)(2). *Id.* On November 18, 2015, the Court's order to show cause was returned as undeliverable and marked "Moved, no forwarding…Undeliverable as addressed/unable to forward." Dkt. 8.

Pursuant to Local Civil Rule 41(b)(2), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. W.D. Wash. LCR 41(b). If mail sent to a *pro se* petitioner by the Clerk is returned as undeliverable, and if the petitioner fails to notify the Court and opposing parties of his or her current mailing address within 60 days of the mail being returned as undeliverable, the Court may dismiss the action without prejudice for failure to prosecute. *Id.* Here, more than 60 days have passed since the Clerk's letter was returned as

REPORT AND RECOMMENDATION - 2

1  undeliverable. *See* Dkt. 6.  Accordingly, the Court recommends that this action be dismissed
2  without prejudice for failure to prosecute.  *See* W.D. Wash. LCR 41(b).
3         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), plaintiff shall have fourteen
4  (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure
5  to file objections will result in a waiver of those objections for purposes of de novo review by the
6  district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.
7  Civ. P. 72(b), the clerk is directed to set the matter for consideration on **December 11, 2015**, as
8  noted in the caption.
9         Dated this 19th day of November, 2015.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3